# WHEELING.

## HUNTER'S EX'RS *v.* STEWART.

Submitted January 24, 1884—Decided March 22, 1884.

(\*SNYDER, JUDGE, Absent.)

1. Parties may by consent, make up the pleadings in a case, and have it docketed and tried in any court having jurisdiction to try such a case; and if the parties appear in such case, before such court, making no objection to the regularity of the docketing of it, such court may exercise jurisdiction over the case; and if objection to the jurisdiction of such court be made for the first time after the trial of the case, and after judgment therein such objection will be overruled; and *a fortiori*, if such objection be made for the first time in the appellate court.   (p. 554.)

2. If a chancery suit be brought in a court of competent jurisdiction in another State, by some members of a co-partnership lately doing business therein, against all the other partners, some of whom were residents of this State, to settle all the transactions of the partnership, and to *compel the several partners to account with each other*, and such defendants appear and file their answers in said cause adopting the allegations of the bill, and joining with the plaintiffs in the prayer for relief in the bill, and a final decree is rendered therein, decreeing to the several members of said co-partnership the amounts due to each of them respectively, the rights of the said parties in regard to the matters embraced in said suit, are concluded by such decree. (p. 557.)

3. If one of said resident defendants collect the amount decreed to his co-defendant, and he be sued by such co-defendant in this State to recover the same, such defendant will not be permitted to set off against said demand any debt or claim held by him before such final decree arising out of such partnership, which was, or might have been settled thereby, and he will be estopped by such decree from alleging or proving that less was due to such co-defendant when such decree was rendered, than the sum thereby decreed to him.·  (p. 557.)

4. The verdict of a jury will not be set aside on the ground that the same was contrary to the evidence, unless the bill of exceptions not only shows all the evidence that was before the jury, but also, that the same was clearly insufficient to support the verdict.   (p. 558.)

WOODS, JUDGE, furnishes the following statement of the case;

\*One of the parties.

Some time in the year 1870, John S. Cocke and others who were partners in the late firm of Harman, Mason & Co., transacting business in Augusta county, Virginia, filed their bill in the circuit court of that county, against the other members of the firm, among whom were Claiborne R. Mason, and Andrew Stewart, the plaintiff in error, who, by the allegations of the bill was represented to be the owner of ninety of the thirteen hundred and sixty shares composing the capital stock of the firm.

One half of the ninety shares so alleged to belong to Stewart in fact belonged to John A. Hunter. All the stockholders or members of the firm except Hunter were made parties to the bill, which prayed discoveries from all the defendants, and especially from C. R. Mason who had been the general agent and manager of the firm up to the time when it ceased to do business in 1861; and that Mason be compelled to account for, and pay over the moneys in his hands; "and that each and all the co-partners account with each other, as equity may require," and for general relief. On the 25th of June, 1871, said Andrew Stewart answered the plaintiff's bill, to which answer they replied generally. By his answer, he declared that he held one half of his ninety shares in the stock of the company, in trust for John A. Hunter; that he admitted the truth of all the allegations of the bill and joined in its prayer for the relief asked for. At the same time John A. Hunter appeared and filed his petition, claiming one half of the ninety shares nominally owned by Stewart, praying to be made a party defendant to the bill, asking that his interest in his stock be protected; adopting the allegations of the bill, joining in its prayer for relief, and praying that his petition might be accepted and stand for his answer, all of which was by the court ordered to be done, and to this answer of Hunter the plaintiffs also replied generally.

On the —— day of ————, 1874, before final decree in said cause, the said Andrew Stewart filed his bill in the circuit court of Summers county against said Mason and all the other members of the firm of Harman, Mason & Co., including the plaintiffs below, who had become the executors of John A. Hunter, then dead, containing substantially the

same allegations and praying the same relief, as in the first named cause, and alleging that one half of the ninety shares of stock which appeared to belong to him, in fact belonged to said John A. Hunter, and verified his bill by his affidavit. It does not appear that any final decree was ever rendered in this last named cause, but it appears that a decree therein had been rendered to sell certain of the lands of Mason, to pay whatever sums had been ascertained to be due from him, which decree had not been executed on the 4th day of April, 1877, when the said cause in the circuit court of Augusta county, Virginia, was finally determined wherein it was adjudged, ordered and decreed that said Mason should pay to said Stewart the sum of two hundred and forty-five dollars and fifty-two cents with interest thereon from the 1st of June, 1876; and that he pay to the said Stewart for the use of the executors of Hunter the like sum of two hundred and forty-five dollars and fifty-two cents and interest thereon. On the 13th of April, 1877, C. R. Mason appeared in the said cause in Summers county, pleaded the former recovery in the cause in Augusta county, Virginia, and tendered in court the full amount of principal and interest decreed to Stewart and one half the costs of the suit in Summers county amounting to two hundred and eighty-six dollars and ninety-seven cents. The circuit court on the 13th April, 1877, heard the cause of Stewart against Mason & Co. upon certain papers among which was the *record of the suit of John S. Cocke against C. R. Mason*, lately pending in the circuit court of Augusta county, Virginia, the said Stewart by said decree, accepted the said sum of two hundred and eighty-six dollars and ninety-seven cents in satisfaction of the decree of the circuit court of Augusta county, "so far as his individual rights are concerned, and of his claim asserted in this suit," due to said Stewart in his own right, which sum was thereupon paid to him; and the court further decreed that the plaintiffs' bill and the proceedings thereunder should remain, so that the personal representatives of John A. Hunter, may take such proceedings as may enable them to enforce in this suit, their rights under the decree of the circuit court of Augusta county, Virginia. In September, 1877, the cause of Stewart against Mason, &c., was further heard, and it was further

adjudged and ordered, that the commissioner theretofore appointed to sell the lands of Mason, do proceed to sell the same, or so much thereof as may be necessary to pay to Andrew Stewart for the benefit of the executors of John A. Hunter the sum of two hundred and forty-five dollars and fifty-two cents with interest thereon from the 1st day of June, 1876, until paid. Soon afterwards, this whole amount was paid over to Stewart for the use of said executors. Failing to pay this money to the said executors of John A. Hunter, they instituted this suit before a justice of Greenbrier county against Stewart, on the 9th April, 1881, to recover the said sum of two hundred and forty-five dollars and fifty-two cents with interest from the 1st June, 1876, for the use of Robert Robinson. This suit was, on 26th of April, 1881, by consent of the parties docketed in the circuit court of Greenbrier county, and the "defendant pleaded *non-assumpsit*, on which issue was joined, and by consent, either party may have any evidence heard under said issue, which could be heard under any special pleading." The defendant accompanied his plea by the following account:

"Dr. John A. Hunter's Estate, *Dr.*
"*To Andrew Stewart.*

"October, 1859—To one half of $110 paid to Timberlake on the joint bond of the parties given for the stage stock.......... $ 55 00
"1862, February—To one half of $500 paid to Timberlake, (Harlow, agent,)....................................................... 250 00
"1876, June 1—To Davis, fee, for attending to the interest of Hunter's estate in the suit of A. Stewart against C. R. Mason in the Summers circuit court............................... 122 76
                                                                              ————
                                                                              $420 76"

On the trial of the cause the plaintiffs offered in evidence to the jury the several orders and decrees hereinbefore mentioned, which were excepted to, as irrelevant and incompetent, and they also proved that said amount decreed to Stewart for their use had been received by him. The defendant proved that the items of fifty-five dollars and two hundred and fifty dollars mentioned in said account were correct, but the court excluded all evidence in regard thereto and refused to permit the defendant to offer such proof for the reason stated in the bill of exceptions, viz: that he was concluded by the decrees in the chancery suits

of *Coke et al.* v. *Mason et al.* in the circuit court of Augusta county, Va., and of *Stewart* v. *Mason et al.* in the circuit court of Summers county. To this ruling the defendant again excepted. On November 10, 1881, the case was tried by a jury, who found a verdict in favor of the plaintiffs below for the sum of two hundred and eighty-five dollars and seventy-two cents. The defendant moved to set the verdict aside and award him a new trial, upon the ground that the court had erred in rejecting the items of "fifty-five dollars and two hundred and fifty dollars, in his account, and because the verdict was a *departure* from the evidence," which motion the court overruled, and entered judgment for the plaintiffs according to the verdict. To this action of the court the defendant again excepted and the court certified the proofs that were before the jury, except as to the value of the services rendered by Davis, attorney, and as to Stewart having employed said attorney to represent said Hunter as well as himself in collecting said money, which evidence the court certifies was conflicting.

To this judgment a writ of error and *supersedeas* was awarded the said Stewart.

*J. W. Davis* for plaintiff in error.

*J. W. Harris* for defendant in error.

WOODS, JUDGE:

The plaintiff in error has assigned four several errors in said judgment.

1st. In permitting the action to remain on the docket of the circuit court; the suit having been brought before a justice, could get out of his court in only one way, viz: by appeal, as prescribed by section 164, chapter 8, Acts 1881.

2d. The court erred in admitting each of the said extracts from the records. There was not enough of the records copied to enable the court and jury to understand what the courts had done in the cases.

3d. The court erred in refusing to permit the two items of defendant's account to be considered by the jury; and

4th. In not granting the defendant a new-trial. The ver-

dict was a plain departure from the evidence. The jury allowed Stewart so little for his lawyers' fees as to amount to nothing.

The counsel for the plaintiff in error, has referred us to a large number of authorities, all of which have been examined, and few of them have been found having any application to the questions here at issue. In answer to the first cause of error assigned, we say the real question at issue is not how a case brought before a justice can get out of his court, but how a case may be brought in a circuit court.

The usual mode in which suits are brought, matured and prepared for trial is familiar to every practicing lawyer. Issuing of process, and service thereof, are only necessary to bring the defendant into court, but he *may* come without either, and make defence as if brought in on process. The usual proceedings at rules are convenient modes whereby the parties may file their several pleadings and come to issue, but they may severally waive these and by their consent do all these things in court in the first instance. If therefore the parties by their attorneys come into court and by consent file their pleadings, come to issue, cause the same to be docketed therein, and make no objection to the proceedings and go to trial therein, they will be held to have waived all objection for want of process, or due service thereof. *Bank of the Valley* v. *Bank of Berkely*, 3 W. Va. 386; *Board of Supervisors et al.* v. *Minturn*, 4 W. Va. 30; *Malrany* v. *Kephart*, 15 W. Va. 609.

In *McAlexander* v. *Houston's Executor*, reported in 10 Leigh 486, Judge Stanard delivering the opinion of the court says: "I am of opinion that parties may, by consent, make up the pleadings and issue in a case and have it docketed in any court having jurisdiction for the trial of such a case; that over a case so docketed, on the parties appearing before the court in which it may be so docketed, and making no objection to the regularity of the docketing of it, that court may exercise jurisdiction; and that the objection to the jurisdiction of the court, coming for the first time after trial and judgment, cannot be sustained." As the proceedings in this case come exactly within the rule laid down by the court of appeals in Virginia in the case just cited, we are of opinion

that the circuit court did not err in proceeding to the trial of the action in the same manner as if the suit had been brought and matured upon process regularly issued and served.

The copies of the several bills of *John S. Cocke* v. *Claiborne R. Mason et al.* and of *Andrew Stewart* v. *Said Mason et al.*, and the several pleas, decrees and orders, petitions and answers therein, as set forth in the court's certificate of facts, were proper evidence to show, the purpose of each bill; that the circuit court of Augusta county, Virginia, first took jurisdiction over the subject-matter of the suit; that all the parties thereto, including said Stewart and John A. Hunter, appeared in the cause and submitted to the jurisdiction of that court, which had authority to pass upon and determine the respective rights of all the members of the firm of Harman, Mason & Co., and also, to show that the court had determined the controversy in a certain manner as to said Stewart and Hunter. They were proper evidence to prove that Hunter was the owner of one half of said ninety shares of stock, which were represented in Cocke's bill as owned by Stewart, and also as tending strongly to show, that from the time Hunter appeared in said cause by his counsel, A. C. Snyder, and filed his petition and caused himself to be made a defendant and thus took charge of his own interest in the subject-matter of the suit all authority that Stewart ever had to represent his interest in said stock, was at an end; and that all subsequent control attempted to be taken by him over the same was wholly unauthorized. These copies also tended to show the amounts actually due to the said Stewart, which he accepted, and also the amount due to Hunter's executors. As to these facts so appearing by said copies, there is not now and there never has been any controversy between the said Stewart and said Hunter, or his executors. It was necessary for the plaintiffs below to prove these facts, to enable them to recover; these copies tended to prove these facts, and they were both material and competent evidence for that purpose. We are of opinion that the circuit court did not err in permitting them to go in evidence to the jury. Did the court err in striking from the defendant's account the items of fifty-five dollars and two hundred and fifty dollars, and in excluding the evidence offered in regard to them, and

in refusing to permit him to offer any evidence in support of them?

By the agreement of counsel, it was stipulated that either party might introduce on the trial "any evidence which could be heard under any special pleadings." These two items were claimed by the defendant to be proper set-offs against the plaintiff's demand, while the plaintiffs insisted that he was concluded by the proceedings and decrees in said chancery suits. The bill filed by *Cocke* v. *Mason et als.* in the circuit court of Augusta county, Virginia, expressly asks as part of the relief prayed for, "that each and all the co-partners of the late firm of Harman, Mason & Co., may account with each other." Stewart answered this bill under oath, and stated that he joined in the prayer of the bill; that he was the legal holder of ninety shares of the stock of the company, but that he holds forty-five shares or one half of the ninety shares in trust for Dr. John Hunter, who by his petition, accepted as his answer in said cause, says he is the owner of one half of the ninety shares *represented* in the *plaintiff's bill* as the stock of Andrew Stewart; he also adopts the allegations and prayer of the bill. In the bill filed by Stewart in Summers county, three years after the filing of his said answer, brought against the plaintiffs below as the executors of Hunter, who was then dead, and also against all the other parties in the suit brought by Cocke, to settle the same controversy, and sell the lands of Mason in Summers county to pay whatever amount might be ascertained to be due to him, he again averred that of the ninety shares of stock held by him, one half thereof he held in trust for said Hunter; and when the final decree in his own suit as to him was entered on April 13, 1877, his cause was heard, upon the record of the suit of *John S. Cocke* v. *C. R. Mason et als.* lately pending in the circuit court of Augusta county, "with other exhibits, petitions and decrees, and he accepted the amount decreed to him in said suit in Augusta county which was tendered to him by Mason, in satisfaction of all justly due to him individually; and his cause was allowed to remain for the benefit of Hunter's creditors, to enforce payment of the amount due to Hunter under said decree in Augusta county. By the last decree entered in the cause brought by

Stewart in the circuit court of Summers county, the court directed its commissioner to sell the lands of Mason to pay to himself for the use of Hunter's said executors the sum of two hundred and forty-five dollars and fifty-two cents, with interest from the 1st of June, 1876, which was the same amount theretofore decreed to be paid to him for his half of said ninety shares of the stock of said company. In none of these proceedings, in none of these pleadings of Stewart is there any allegation or pretension on his part, of any claim or demand for the two items of fifty-five dollars and two hundred and fifty dollars of his account rejected by the court. According to the pretensions of Stewart these items grew out of this pretended trust, and were justly chargeable upon the proceeds of the fund. It so, then they ought to have been presented and adjusted in the proceedings under Cocke's bill in the prayer of which both he and Hunter joined; that each and all said co-partners should account with each other. The circuit court of Augusta county, having complete jurisdiction over the subject-matter, with all the parties in interest before it, could, under the pleadings, have settled the claim of Stewart if any had been made; and it was the duty of Stewart to have preferred his said claim in that jurisdiction, and not having done so there, or claimed it in his own suit, he must be held to have waived or abandoned it, and to be precluded from claiming it, by the proceedings in said chancery causes. We are therfore further of opinion that the circuit court did not err in refusing to permit said two items of account to be considered by the jury.

There remains to be considered only the question whether the verdict was warranted by the evidence? Having already decided that the items fifty-five dollars and two hundred and fifty dollars in the defendant's account were properly rejected, the only subject of controversy remaining is whether the verdict ought to be disturbed because it did not allow the defendant credit for the item of one hundred and twenty-two dollars and seventy-six cents, the attorney's fee to Mr. Davis for attending to the interest of Hunter's estate in the suit of *Stewart* v. *Mason, &c.*, in Summers county. Hunter was dead when Stewart's suit in Summers county was

brought; his executors were defendants thereto, representing their testator's interest in the ninety shares of the stock of said firm, owned jointly by Hunter and Stewart. It was the duty of the executors to employ counsel if the services of counsel were needed. There is no pretension on the part of the defendant that Hunter's executors authorized him to employ counsel for them. What services were rendered to the estate of Hunter by said attorney, or what they were worth, does not appear. It is evident from the bill of exceptions, that the jury considered all these questions, and allowed the defendant a credit of forty dollars for counsel fees, although the record furnishes us no evidence that said Stewart ever paid the attorney a single cent for fees, or that he had any authority whatever from said executors to employ counsel in that cause. From the view we have taken of this whole case, we could not have disturbed the verdict, if the jury had wholly disallowed the credit claimed for counsel fees. We are of opinion that the verdict was warranted by the evidence, and therefore the court did not err in refusing to set the same aside and award the defendant a new trial. The judgment of the circuit court of Greenbrier county, rendered on the 12th day of November, 1881, is affirmed with costs to the defendant in error and damages according to law.

AFFIRMED.