## LEEFE ECKLER v. NORTON M. TERRY.

*Mutual benefit associations—Certificate of membership—Designation of beneficiaries—Application—Estoppel.*

1. Where, under the constitution of a mutual benefit association, members have the absolute right to name their beneficiaries, it is the duty of the officer who issues a certificate of membership to insert therein the name of the beneficiary named in the application for membership.

2. There is no legal objection to a member's designating, in his application for transfer to another class of members, the beneficiaries he desires named in the new certificate of membership.

3. The member will not, by the mere acceptance without objection of the new certificate, from which the name of one of the

beneficiaries designated in his application for transfer is omitted, be held to have assented to such omission.

Error to Jackson. (Peck, J.) Argued February 2, 1893. Decided March 10, 1893.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered for the defendant. The facts are stated in the opinion.

*Thomas E. Barkworth,* for appellant.

*Richard Price,* for plaintiff.

GRANT, J. February 7, 1879, one Noah H. Eckler made application for membership in the endowment rank of the order of the Knights of Pythias. He was admitted to membership, and his application and certificates designated his wife, Ella, as the beneficiary. October 19, 1885, he made application to be transferred to the fourth class. In this application he named, as the beneficiary, his wife, Ella Eckler, or, in case of her death, his minor son, Charles W. Eckler. After the death of his wife, Ella, Mr. Eckler married the plaintiff. Upon his death the defendant was appointed guardian of Charles. Due proof was made of the death of Ella and Mr. Eckler, and thereupon the order paid the money to defendant, as the guardian of the child. It appears that the officers of the order had no knowledge, at or before the payment, that Mr. Eckler had remarried. He had no children by his second marriage. Plaintiff brought this suit in *assumpsit* to recover one-half the money paid to defendant, under the statute of descents.[1]

The constitution of the order provides that—

"Each applicant for membership and each applicant for re-admission in the endowment rank shall designate in his

---

[1] See *Silvers v. Benefit Association,* 94 Mich. 39.

application some person or persons, related to or dependent upon him for support, to whom the benefit shall be paid when due."

The name or names of the persons so designated are required to be inserted in the certificate, unless it be made payable to "the wife and children."

The constitution provides that any member desiring to change the name of his beneficiary shall make a written request to the secretary of the section, upon a blank to be furnished by the supreme secretary. This application, with the original certificate, must be sent to the proper officer. These papers are then attached to the original application, and a new certificate is issued, containing the name or names of the substituted beneficiary or beneficiaries.

Mr. Eckler was the owner of two certificates,—one in the first class, and one in the second. These certificates were surrendered with the application. Upon the surrender of these certificates with the application, he received a certificate of membership in the fourth class, which was in force at the time of his death, and the one upon which the insurance was paid. In this certificate it was stated, among other things, that it was issued—

"In consideration of the representations and declarations made in his application, bearing date of February 7, 1879, and his absolute surrender of the certificates heretofore held by him in the first and second classes for cancellation, as requested in his application for transfer to the fourth class, bearing date October 19, 1885, all of which is made a part of this contract."

This certificate named his wife, Ella Eckler, as the beneficiary, " or such other person or persons as he may subsequently direct by change of beneficiary entered upon the records of the supreme secretary of the endowment rank."

The principal question presented is, which clause desig-

nating the beneficiaries shall control,—that in the certificate, or that in the application for the transfer to the fourth class ? It is entirely clear that the constitution of the order gives to its members the absolute right to designate their beneficiaries. The certificate referred to the application for the transfer, and made it a part of the contract. It was the duty of the proper officer of the order to issue the certificate in accordance with the application. Why he did not do this does not appear. Whether it was a mistake or intentional is of no consequence. There is no room for any inference that Eckler made a mistake in designating his beneficiaries, nor is there any doubt of his intention. The officer had no discretion in the matter, and could not change the name of the beneficiary without the express direction or assent of Mr. Eckler. There is no evidence of any such assent, unless it be his silence after the certificate was sent to him, some time after his application was made. If the officer could have left out the name of one beneficiary, he could also have inserted a name not designated by the applicant. The result of plaintiff's contention would be that the certificate must control, and the application, which is made a part of the contract, ignored. But the application is the very basis of the contract, and, in the absence of competent evidence establishing a contrary intention on the part of the applicant, must control. With the surrender of the old certificates, and the issuance of the new, upon the application for a transfer, the former contracts were canceled, and a new one made. It would be idle ceremony, in such a case, to make another formal application for a change of beneficiaries. There is no difficulty in, and no legal objection to, uniting the two in one application.

It is insisted that Mr. Eckler, by accepting and keeping the certificate without objection, assented to the designation, and that his representatives are therefore bound by

it. If this were so, then it would follow that if the names of both beneficiaries designated in the application had been omitted from the certificate, and others named therein, the certificate would have been equally controlling and binding. This would ignore the rule of construction that the entire contract must be considered in determining the intention of the parties. In a proceeding by Mr. Eckler or his representatives to reform the contract, and to cause the issuance of a certificate in accordance with the application and the constitution of the order, the production of the papers and the constitution would make a *prima facie* case for relief. The burden of proof would then be upon the defendant to show a ratification. Mere silence on the part of Mr. Eckler would not be sufficient to set aside the designation he had expressly made in the contract.

The judgment must be reversed, and judgment entered here for the defendant.

The other Justices concurred.