ROMONDO CASTELLINA *v.* H. D. VAUGHAN, *Executor, etc.*

(No. 9095)

Submitted October 15, 1940.   Decided November 12, 1940.

*Samuel Solins, W. H. Ballard* and *M. O. Litz,* for appellant.

*Sydney L. Christie* and *Stewart A. Calhoun,* for appellee.

HATCHER, JUDGE:

Joe Castellina, in 1928, made written application for an insurance policy of $1,000.00.   In the application he reserved the right to change the beneficiary, after designating as such, his brother Romondo.   The policy was is-

sued, making the application a part thereof, but through an "oversight" in its preparation, admitted by the insurance company, the policy recited that the right to change the beneficiary was not reserved. The insured, in January, 1938, wrote the company revoking the appointment of Romondo as beneficiary, and naming another. The company did not comply with this, in terms, but did, on March 21, 1938, seemingly with Joe's consent, attach to the policy a rider stating that the right to change the beneficiary was reserved, and designating as such the estate of the insured. He died March 22, 1938. The proceeds of the policy were paid to his administrator.

Romondo laid claim to the insurance before a commissioner of accounts; proof was taken and he was denied. He appealed first to the county and then to the circuit court, both of which affirmed the commissioner; and he has now appealed here.

The question arose in the circuit court whether the commissioner had jurisdiction of the litigation; whereupon, both parties waived the question and submitted the cause to the circuit court as though originally brought and matured there. While that practice is exceptional, it seems to be sanctioned in cases such as this, where the court has jurisdiction of the subject matter. See *Hunter* v. *Stewart*, 23 W. Va. 549.

Appellant relies on cases like *Logan* v. *Society*, 57 W. Va. 384, 50 S. E. 529, which held that the policy controlled when it conflicted with the application. But the situation there readily differentiates it from this case. There, the answers to certain questions on a printed application, furnished by the insurance company, were, by the application, made warranties; by the policy, representations. In giving the policy control, the court simply followed the established rule of construction, that when the intention of the parties to a written instrument is in doubt, it should be resolved against the party whose language creates it. That rule would favor the insured here, since the insurer employed, and did so inadvertently, the conflicting language.

Where the right to change the beneficiary is not reserved in a policy, a change cannot ordinarily be made without his consent. Neither the origin nor the reason for this rule is clear; nevertheless, it is said to be well settled. 37 C. J., Life Ins., sections 342-3; Joyce, Insurance, 2nd Ed., section 730. But when the policy incorporates the application, and through mere clerical inadvertence departs from it, as, occurred here, the policy does not reflect the intention of the parties and the application controls. 2 Cooley's Briefs on Ins. (2d Ed.) 1099; *Eckler* v. *Terry*, 95 Mich. 123, 54 N. W. 704; *German American Ins. Co.* v. *Darrin*, 80 Kan. 578, 103 Pac. 87. "The rule of interpretation of insurance contracts, and the first object of construction, are to ascertain the intention or meaning of the parties, and the duty of the courts is to construe the contract accordingly." Couch, Cyc. of Ins. Law, section 173. It is further stated as a general rule, that the applicant may assume that his policy conforms to his application, and his failure to read the policy, alone, is not of material consequence. Joyce, *supra*, section 55b; *McElroy* v. *Assur. Co.*, 94 Fed. 990. Appellant contends that this rule has no application here because of the testimony of Romondo, unobjected to, that Joe had discussed with him the policy, and had stated that the beneficiary could not be changed. Appellant relies on *Willhide* v. *Biggs*, 118 W. Va. 160, 188 S. E. 876. Even if that case should require the consideration of Romondo's testimony, Joe's conduct conflicts with that testimony, and the conflict was resolved by the circuit court against Romondo.

The decree is affirmed.

*Affirmed.*