# CHARLESTON.

## Williamson *v.* Hays.

Submitted January 26, 1891.—Decided March 11, 1891.

1. Ferry—Writ of Error—Bill of Exceptions—Evidence.

Where an application is made for the establishment of a ferry across a stream near a ferry, which has already been established and is in operation, the owner of the ferry already established may resist the establishment of the new ferry; and if, upon hearing the evidence, the County Court, to which such application is presented, refuse to establish such new ferry, and the applicant applies for and obtains a writ of error to the Circuit Court from such judgment, after moving to set aside the judgment as contrary to the law and the evidence, and excepting to the action of the court in overruling said motion, the Circuit Court can not properly act upon and determine said writ of error, unless the bill of exceptions certifies all the evidence offered or all of the facts proved before the County Court in the case, or all of said facts appear either expressly or by necessary implication in said bill of exceptions.

2. FERRY—WRIT OF ERROR.

 In such a case, an important question to be determined by the County Court before establishing such new ferry is as to whether the travel and business across the stream would support two ferries, and, as this is a question of fact, the appellate court must have all the facts before it that were before the court below, before it can properly pass upon the correctness of the judgment complained of, unless the Circuit Court retains the case and tries it *de novo.*

*B. Engle* for plaintiff in error, cited 32 W. Va. 304; 75 Va. 130.

*T. I. Stealy* and *Okey Johnson* for defendant in error, cited 12 W. Va. 116; 23 W. Va. 229.

ENGLISH, JUDGE:

On the 20th day of October, 1885, William Williamson filed his notice of and application for the establishment of a ferry across the Ohio river from the town of Friendly in Union district, Tyler county, W. Va., to the town of Matamoras, in the State of Ohio, before the county court of said county. Viewers were appointed, in accordance with the requirements of the statute, to report to the court the advantages and disadvantages which in their opinion would result as well to individuals as to the public from the proposed ferry, and the facts and circumstances that might be useful to enable the court to determine whether such ferry ought to be established or not; and on the 19th day of January, 1886, said viewers made their report to the court, accompanied with a map of said proposed ferry. Alexander Hays, a party in interest, was, on motion, properly made a party resistant to said application, and thereupon said William Williamson, by his attorney, moved the court to recommit said report to the same or other viewers, which was done, the court appointing the same viewers, with special instructions; and thereupon said viewers made an amended report; and on the 20th day of July, 1886, the court, having considered the evidence adduced in the controversy and arguments of counsel, rejected said application and refused to establish said ferry, and on the 21st day of July, 1886, the applicant, by his attorney,

moved the court to set aside said order rejecting his appli-
cation for said ferry and grant him a new hearing, upon
the ground that the decision of the court therein was con-
trary to the law and the evidence, which motion was over-
ruled by the court on the 9th day of November, 1886, to
which ruling of the court said applicant took a bill of ex-
ceptions.

On the 22nd day of December, 1886, said William
Williamson presented a petition to the Circuit Court of
said county, together with a transcript of the proceedings
had in the matter of his application for said ferry, praying
a writ of error from said judgment of the County Court,
which writ of error was refused, and the petitioner ex-
cepted.  Subsequently an application was presented to one
of the judges of this Court in vacation, in pursuance of
section 14 of chapter 152 of the Acts of 1882, and the writ
of error was granted, and on the 16th day of August, 1888,
said writ of error was heard in the Circuit Court of Tyler
county, and the matters of law and fact arising upon the
record, together with the evidence therein certified in the
cause, were submitted to the court; upon consideration
whereof said court reversed the judgment of said County
Court, and established said ferry, and from said judgment
said resistant applied for and obtained this writ of error.

An application was made by one A. R. Williamson to
the County Court of Tyler county, and commissioners were
appointed to view this same ferry, in January, 1882, and
Alexander Hays was then made contestant.  Upon the
hearing the County Court refused to grant the ferry-privi-
lege applied for, and said Williamson obtained a writ of
error to the Circuit Court of Tyler county, which court,
on the hearing of said writ, reversed the judgment of the
County Court, and established said ferry, and from this
judgment said Hays obtained a writ of error to this Court,
which was decided on the 11th day of April, 1885, and is
reported in 25 W. Va. 609; and in reversing the judgment
of said Circuit Court Judge GREEN, in delivering the opin-
ion of the court, relied mainly on the facts certified as
proven by the parties before the County Court, holding in
the fifth point of the syllabus: "In such case an important

inquiry to be made by the County Court before establishing such new ferry is whether the travel and business across the stream is or is not sufficient to support reasonably well two ferries, as the result of such inquiry must have much weight in determining the question whether the new ferry should or should not be established."

This being a case in which precisely the same application was made to the County Court by William Williamson which was made in the former case by A. R. Williamson, and precisely the same action having been taken thereon both by the County and Circuit Court, under the ruling of this Court in the case reported in 25 W. Va. 609, we are compelled to look to the evidence adduced before the County Court in passing upon the correctness of the action of the Circuit Court. Referring to the bill of exceptions taken in the case from the County Court we find that the testimony of certain witnesses who were introduced by the respective parties is set out in detail, but it does not appear in said bill of exceptions that the evidence thus detailed was all of the evidence that was offered or introduced by either party, or that it was all of the evidence material in the cause.

In the case of *Shrewsbury* v. *Miller*, 10 W. Va. 116 this court held that "where a motion is made to set aside a verdict and for a new trial on the ground that it is against the evidence, and the motion is either granted or refused upon a writ of error in the appellate court, the record must not only sufficiently show the facts proved or the evidence given to the jury, but it must appear, either expressly or by necessary implication, that it contains all the facts proven or evidence given to the jury at the trial, and such facts or evidence must show error in the judgment of the court below, or such judgment will not be reversed."

In the case of *Bank of Valley* v. *Bank of Berkeley*, 3 W. Va. 386, this Court held: "Where a bill of exceptions certifies the evidence given, and not the facts proved, and where it does not appear that the evidence certified was all the evidence before the jury on which they found their verdict, it does not affirmatively appear that the verdict is contrary to evidence, nor that the court below committed any

error in refusing to grant a new trial on the ground that the verdict was against evidence."

It appears from the bill of exceptions in the case under consideration that the County Court gave judgment against the establishment of said ferry, and the said William Williamson, by his attorney, thereupon moved the court to set aside said judgment and grant him a new trial of the cause, on the ground that the same was contrary to the law and the evidence, which motion the court overruled, and the said Williamson excepted ; and it also appears that, upon a writ of error being allowed to the Circuit Court, said Circuit Court, on the 16th day of August, 1888, on consideration of the matters of law and fact arising upon the record together with the evidence therein certified reversed the judgment of said County Court, and established said ferry.

It is true, the application for said ferry was presented to the County Court, and not to a jury ; but an important inquiry to be made by the County Court before establishing or refusing to establish said ferry (as was held by this Court in *Williamson* v. *Hays,* 25 W. Va. 609) was whether the travel and business across the stream was or was not sufficient to support reasonably well two ferries, the result of which inquiry would have much weight in determining said question ; and, as the solution of this question must necessarily have depended upon the evidence adduced, the Circuit Court could not have properly reviewed the action of the County Court and passed upon the correctness of its judgment, unless all the facts proven or all the evidence offered had been certified properly as a part of the record.

For these reasons the judgment of the Circuit Court complained of must be reversed, and, this Court proceeding to render such judgment as the Circuit Court should have rendered, it is ordered that the judgment of the County Court entered on the 20th day of July, 1886, be, and the same is hereby, affirmed, and the plaintiff in error must recover costs in this Court as well as costs in the court below.

REVERSED.