516          McKendree *v.* Shelton.          [51

# WHEELING.

## McKendree *v.* Shelton.

Submitted January 14, 1902.     Decided June 7, 1902.

1. BILL OF EXCEPTIONS—*How Identified.*
    When a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions, otherwise it will be disregarded. (4 Wallace 187). (p. 517).

2. BILL OF EXCEPTIONS—*How Identified—Presumption.*
    That a copy of a paper is attached to a pleading in the case which purports to be the same as the paper mentioned in the bill of exceptions, does not make it a part of that bill, nor can this Court presume that it is the same paper read in evidence and excepted to. (4 Wallace 187). (p. 517).

Error to Circuit Court, Cabell County.

Action by George McKendree against J. R. Shelton and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

SIMMS & ENSLOW, for plaintiffs in error.

CAMPBELL, HOLT & DUNCAN, for defendant in error.

BRANNON, JUDGE:

There were three suits in the circuit court of Cabell County, an action of debt by McKendree against Shelton and others, a chancery suit by McKendree against Shelton, and a chancery suit by Shelton against McKendree, and they were all referred to a commissioner to report upon the matters involved in them, and he made a report, in favor of McKendree, and the court, upon a jury being waived, tried the action at law, confirmed the report and rendered judgment for McKendree, from which judgment Shelton obtained a writ of error.

In this action of debt an order was made by consent that the report of the commissioner, together with all the evidence taken and filed before him in support of said report, the exceptions

thereto and certain affidavits in one of the chancery suits should be taken and treated as filed in the action of debt. It does not further identify the testimony. The attorneys for McKendree say that the judgment is presumed to be free of error, unless it be shown otherwise, and that as it depended on evidence, we cannot examine the judgment because there is no evidence that is legally a part of the record to be examined. There is one bill of exceptions, and it says that the plaintiff offered in evidence and proved the facts set out in the testimony, and exhibits filed with the commissioner's report, and the report of Thomas R. Shepherd, special commissioner, and the exceptions thereto, and affidavits of certain named persons. No further does this bill of exceptions identify these papers. I have no doubt that we could regard the commissioner's report as part of the record and the exceptions and those affidavits under the rule that " when a bill of exceptions makes such reference to a paper as will enable it to be safely copied into the record, and acted on as the true paper, said reference makes said paper a part of the record." *Gunn* v. *Ohio R. Co.,* 37 W. Va. 421. But the difficulty, a material one, is as to the evidence on which the judgment went. There is a great volume of unsigned depositions, but not certified by the commissioner as taken by him, nor is there any reference in his report to them. These depositions printed in the record purport to have been taken before said commissioner and in the cases named; but they are not certified as sworn to before or as taken by him; and if they were, there is no reference to them in the report as taken in it, or part of it, and they are not in any way certified up as accompanying his report. *Ward* v. *Ward,* 40 W. Va. 611, point 10, requires that "he should so certify the evidence as to show it to be the evidence sent up." Likewise *Arnold, Abney and Co.* v. *Slaughter,* 36 W. Va. 589, and *Chapman* v. *McMillan,* 27 *Id.* 220. How can this Court identify these depositions as the true and only ones before the court? How a bill must identify a document is stated from the United States Supreme Court in *Gunn* v. *Railroad,* 37 W. Va., p. 424 as in above syllabus. The Ency. Pl. & Prac., Vol. 3, p. 430, says it must identify the document by proper reference in the bill marking the place where it should be incorporated by the words ("clerk here insert"). "The document so incorporated must be so clearly referred to and marked in the record as to be identified beyond reasonable

doubt. As to what is a sufficient identification the cases are not harmonious. Ordinarily the bill in referring to the document must propose to incorporate it and make it a part of the bill; a mere reference has been said not to be sufficient." This bill does not propose to incorporate these depositions, but makes only a reference to them by the word "testimony," and that reference does not ear-mark them in any way. It says the "testimony" before the commissioner shall be read. What testimony? If oral, it must be set out; if written, it must be identified. On the familiar principle that where a judgment rests on the evidence of witnesses their evidence must be presented else the presumption is that the evidence justified it, we must affirm the judgment.

*Affirmed.*