# CHARLESTON.

STATE v. BANKS.

Submitted March 8, 1904—Decided March 22, 1904.

1. ASSAULT WITH INTENT TO KILL—*Instructions.*

Upon the trial of an indictment for unlawful and malicious shooting with intent to maim, disfigure, disable and kill, it is error to instruct the jury that if they believe there was a quarrel between the accused and F. and that both were in fault, and that a combat as the result of the quarrel took place and the accused shot and wounded F. "In order to reduce the offense from malicious to unlawful shooting, two things must appear from the evidence and circumstances of the case; first, that before the shot was fired and the wound inflicted, the accused declined further combat and retreated as far as he could with safety; and, secondly, that he necessarily shot F. in order to preserve his own life, or to protetct himself from great bodily harm." (pp. 390, 391).

Error to Circuit Court, Logan County.

Levi Banks was convicted of malicious shooting, and brings error.

*Reversed.*

JOHN S. MARCUM and RAGLAND & ENGLAND, for plaintiff in error.

The ATTORNEY GENERAL, for the State.

McWHORTER, JUDGE:

Levi Banks was indicted in the circuit court of Logan county for unlawful and malicious shooting with intent to maim, disfigure, disable and kill Jonah Ferguson, on the third day of May, 1903. He plead not guilty. A jury was empaneled and after hearing the evidence and instructions of the court rendered a verdict of not guilty of the malicious shooting, but guilty of unlawful shooting and wounding. The prisoner moved the court to set aside the verdict and grant him a new trial on the ground that the same was contrary to the law and the evidence. The court overruled the motion and refused to set aside the verdict and grant a new trial, and ascertained the term of prisoner's confinement in the penitentiary at three years, and rendered judgment accordingly, to all of which rulings the defendant excepted. The defendant in the course of the trial took four several bills of exceptions to the rulings of the court which were signed, sealed and made a part of the record. A writ of error and *supersedeas* were awarded him.

The first and second bills of exceptions go to the rulings of the court in refusing to quash the panel of twenty jurors on the motion of the defendant because of irregularity in the summoning of the jurors. While the record shows some irregularity, it shows that the persons who were regularly drawn were summoned, and the same persons served as jurors and there was no such irregularity as could possibly have prejudiced the defendant's case.

Bill of exceptions number two is to the ruling of the court in granting instructions on behalf of the State, numbers 1, 2 and 3. The first instruction on the question of self-defense is sufficient and proper. The second and third instructions are as follows:

2. "The court instructs the jury that if they believe there was a quarrel between the prisoner and Jonah Ferguson, and that both were in fault, and that a combat as a result of such quarrel took place, and that the prisoner shot and wounded Jonah Ferguson, in order to reduce the offense from malicious to unlawful shooting, two things must appear from the evidence and circumstances of the case; first, that before the shot was fired and the wound inflicted, the prisoner, Levi Banks, declined further combat and retreated as far as he could with safety; and secondly, that he necessarily shot the said Jonah Ferguson in order to preserve his own life or to protect himself from great bodily harm."

3. "The court instructs the jury that on the trial of this case, if the prisoner, Levi Banks, relies upon self-defense to excuse him in shooting and wounding Jonah Ferguson, the person named in the indictment, in order that such defense may avail the prisoner, the jury should believe from all the evidence in the case that the necessity relied on to justify the shooting and wounding did not arise out of the prisoner's own misconduct."

As to instructions number two, it is evidently an abortive attempt to revamp the instruction set out in point 6 of syllabus, *State* v. *Cain*, 20 W. Va. 679, and apply it to this case. It will be seen by reference to the instruction as here given that the jury are told that to reduce the offense from malicious to unlawful shooting two things must appear from the evidence and circumstances of the case. First, that before the shot was fired and the wound inflicted the prisoner, Levi Banks declined further combat and retreated as far as he could with safety; and, secondly, that he necessarily shot the said Jonah Ferguson in order to preserve his own life or to protect himself from great bodily harm, thus telling the jury that if both propositions were true the defendant was still guilty of unlawful shooting, when as a matter of fact if they were true the defendant in firing the shot was acting wholly in self-defense and was entitled to a verdict of acquittal. If he had retreated as far as he could with safety and then necessarily had to shoot in order to preserve his own life or to protect himself from great bodily harm he would have been justified in firing the shot and it could not have amounted to unlawful shooting. The verdict of the jury clearly shows that they were influenced by this instruction, as the language of the ver-

dict shows that they had it in mind when they wrote their verdict.

. . The third instruction, while it may be good as an abstract proposition of law, yet it should not have been given in connection with No. 2. In *State* v. *Douglass*, 28 W. Va., 298, (syl. pt. 6), it is held: "Where an erroneous instruction has been given to the jury the presumption is that the exceptor has been prejudiced thereby, and the judgment will be reversed for such cause unless it clearly appears from the record that the exceptor could not have been so prejudiced." Instruction number two, is clearly bad, and it is not only presumable but quite certain that the jury were influenced by it in arriving at their conclusion and verdict.

Bill of exceptions number four, relates to the evidence only, and the defendant does not seem to rely upon it and as the case will have to be retired I deem it unnecessary to take up the matter of the evidence.

. For the reasons given the judgment.is reversed, the verdict of the jury set aside and the case remanded for a new trial to be had therein.

*Reversed.*