# CHARLESTON

## TRACY'S ADMINISTRATRIX *v.* THE CARVER COAL CO.

### Submitted March 30, 1905.    Decided April 25, 1905.

1. BILL OF EXCEPTION—*Identification of Paper Therein—Rule of Practice.*

   While what is familiarly known as a skeleton bill of exception, that is, a bill which provides for the subsequent copying by the clerk into it and as a part of it, some paper or document, is allowed, yet, to make such a bill valid and complete, these rules must be regarded: (1) The bill, in referring to such paper or document, must purport to incorporate it into, and make it a part of, the bill; a mere reference to it, although such as to identify it beyond doubt, or a statement that it was in evidence, is not sufficient. (2) The document must itself at the time of the signature of the bill, be in existence, written out and complete. (3) It must be annexed to the bill, and referred to as annexed; or it must be so marked, by letter, number or other means of identification as to leave no doubt, when found in the record, that it is the one referred to in the bill; and these means of identification must be obvious to all, so that any one examining the record can know what document or paper is to be inserted, or after its insertion, that the clerk has made no mistake. (p. 588.)

2. BILL OF EXCEPTION—*What to Contain—Rule of Practice.*

   A skeleton bill of exception may be adopted for the purpose of making evidence taken down and transcribed by a shorthand reporter, a part of the record; but, at the time the bill is signed, the evidence must be actually transcribed, and, unless it is attached to the bill, it must bear some mark of identification, such as is required in making any other paper or document a part of such bill. (p. 589.)

3. BILL OF EXCEPTION—*When Evidence Not Part of Record.*

   Evidence taken down and transcribed by a shorthand reporter is not a part of the record, and can only be made so by a proper bill of exception. (p. 590.)

4. BILLS OF EXCEPTION—*Not to Be Perfected After 30 Days.*

   Where a skeleton bill of exception is taken for the purpose of making evidence a part of the record, and where such evidence has not been actually transcribed, or, if transcribed, is not referred to in such way as to make it a part of the bill, it cannot, after the expiration of thirty days since the adjournment of the term at which final judgment was rendered, be certified and identified so as to become a part of the bill. (p. 592.)

Error to Circuit Court, Putnam County.

Action by Daniel Tracy's Administratrix against the Car-

ver Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

PRICE, SMITH & SPILMAN, and J. A. NASH, for plaintiff in error.

W. L. HIGGINS, GUNN & ALEXANDER, and CHAS. E. HOGG, for defendant in error.

SANDERS, JUDGE:

The demurrer to the declaration, which was overruled by the circuit court, not being insisted upon here, and the declaration appearing to be good, the first question presented is, whether or not the evidence taken upon the trial is a part of the record. This action was tried in the circuit court of Putnam county, and, at the September term, 1902, judgment was rendered in favor of the plaintiff for $1,800.00, and the court gave the defendant time within which to prepare and present for signing proper bills of exceptions; and in vacation, on the 22nd day of October, 1902, an order was entered by the judge, showing the signing of bill of exception No. 1, and certifying the same to the clerk of the court, with directions to the clerk to enter an order making it a part of the record. The bill of exception signed is what is known as a "skeleton bill," that is, it contains only the formal parts thereof, with parenthetical instructions to the clerk, "Here insert the stenographer's transcript of the evidence for the plaintiff in chief," and so on, with like instructions as to the defendant's evidence, the plaintiff's evidence in rebuttal, and the defendant's evidence in sur-rebuttal. The clerk, in making up the record, copied literally the bill of exception, and instead of inserting the evidence at the places provided and called for in the bill, the parenthetical instructions were copied, and after the bill of exception had been copied, and just following it, what purports to be the evidence is given. The fact that the evidence was not copied in the places called for in the bill will not impair the bill, if the court can see that it is the evidence that the judge therein called for, and instructed to be inserted; and in determining this, we must look to the evidence for some mark of identification by which the clerk could be safely guided in preparing the record. If we find no such mark or memorandum thereon as brings it with-

in the parenthetical description in the bill, then it must not be treated as a part of the record.

"When the paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked. by letter, number or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions, otherwise it will be disregarded." *McKendree* v. *Shelton*, 51 W. Va. 516. And in that case it is held that a copy of a paper attached to a pleading in the case, which purports to be the same as the paper mentioned in the bill of exception, does not make it a part of the bill, nor can it be presumed that it is the same paper read in evidence, and excepted to. The document or paper called for, and directed to be inserted in the bill, must be so clearly referred to and marked on the record as to be identified beyond reasonable doubt, and the means of identification must be obvious to all. No mere memorandum, however intelligible it may be to a single person, even the clerk, but indicating nothing to anyone else, will be sufficient. They must be so that anyone going to the record can determine what document is to be inserted, or, if inserted, that the clerk has made no mistake. Bills of exceptions, commonly called "skeleton bills," are well recognized by the law, that is, where the court or judge prepares or signs the bill containing only the formal parts, and provides, by parenthetical instructions to the clerk, to copy into the bill certain documents or evidence. This class of bills of exceptions is of great use, and labor saving to the profession and the courts, and since our statute has provided for stenographers to take down the evidence upon the trial, in shorthand, and to furnish a transcription thereof, the evidence thus taken by the stenographer can be made a part of the record by such skeleton bill of exception; but, in doing so, as in all other cases, the evidence must have been actually before the judge, because, under our statute, the judge of the trial court is required to certify the evidence by proper bills of exceptions. Code 1899, chapter 131, section 9. And, while sections 3 and 4, Appendix Code, p. 1135, provide that the shorthand reporter shall take full shorthand notes of the testimony in any case in which his services may be required, and that such

notes shall be deemed and held to be official, and the best authority in any matter of dispute, they do not make such notes·a part of the record, but, in order to become so, they must be transcribed by the stenographer, and made so by the court or judge, by a proper bill of exception. It is provided by these sections that the "notes shall be deemed and held to be official, and the best authority in any matter of dispute." But, where the party desires to use the evidence taken upon the trial, it is further provided that "a copy of the same, made as hereinafter provided, shall be used by the parties to the cause in any further proceedings, wherein the use of the same may be required." "Where official court stenographers are appointed by law to take down the proceedings on the trial, the bill of exceptions is still indispensable to bring their reports up, although the statute expressly declares that they shall be 'the best authority in any matter of dispute.' * * * The certificate of the stenographer to the accuracy of the longhand manuscript is not enough. The trial judge must indicate his approval of its correctness by authentication under his own hand." 3 Ency. Pl. & Pr., pp. 436-7. This certificate is required of the judge under our statute. But where the skeleton bill is prepared, and there are specific instructions to the clerk to incorporate therein the evidence taken and transcribed by the stenographer, this is the certificate of the court or judge to the evidence taken upon the trial, provided the evidence has been actually transcribed, and certified by the stenographer, and is so identified with the case that the instructions given by the bill of exception to the clerk can be followed with safety, and come within the rules hereinbefore referred to. A shorthand reporter acts under oath, and while the shorthand notes shall be held to be official, yet he is required to furnish copies thereof when requested, and, in doing so, he should make the return under his certificate. *Gunn* v. *Ohio River R. Co.*, 37 W. Va. 421; *McKendree* v. *Shelton, supra*; *Leftwitch* v. *Lecanu*, 4 Wall. 187; *Atchison & Neb. Ry. Co.* v. *Wagner*, 19 Kas. 335; *Warbasse & Lee* v. *Card*, 74 Ia. 306; *Anderson* v. *Leverich*, 70 Ia. 741; *Busby et al.* v. *Finn, Trustee*, 1 Ohio St. 409.

It is claimed that the evidence which the clerk copied into the record was taken down and transcribed by the stenog-

rapher, but we can only infer that this is so, from the fact
that the judge, in the bill of exception, referred to the evi-
dence as transcribed by the stenographer.   No order is made
showing the appointment of the stenographer, nor is the evi-
dence certified by him.   The evidence which the clerk copied
into the record bears no mark or memorandum, by the judge
or stenographer, of any kind whatsoever, to show that it was
the evidence given upon the trial.   How could the clerk fol-
ow the instructions given in the bill to insert the stenog-
rapher's transcript of the evidence when there is nothing to
identify it as the evidence transcribed by the stenographer?
There is no memorandum or mark upon it showing that it is
the evidence taken down and transcribed by the stenog-
rapher, and filed by him with the clerk.   It is true the style
of the case is given, but was the evidence correctly taken
down and transcribed?   Is this a complete transcript from
the stenographers's notes, and, in fact, is it the evidence given
upon the trial of the case?   No one has said so, by certificate or
otherwise, and then how could the clerk, upon the evidence
alone, by which he must be guided, say that it is the evidence
referred to in the bill of exception?   There is nothing to
assimilate it with the instruction given in the bill.   No one
can say that this is the evidence which the judge called upon
the clerk to incorporate in the bill, and it does not appear
that this evidence had been transcribed and was in existence
at the time the skeleton bill was prepared and signed.   There
is certainly nothing by which this evidence can be connected
with the bill, and we must determine that it is not a part of
the record of this case, unless made so by the supplemental
record.

After the case had been brought to this Court on the orig-
inal record, and it was found that the evidence was not in-
corporated in the bill of exception, and that it had not been
certified by the stenographer, the defendant appeared before
the circuit court of Putnam county, on the 5th day of July,
1904, and presented to the court a typewritten manuscript,
purporting to be a transcription of the evidence given upon
the trial of the case, and moved the court to permit the
stenographer to certify to its correctness, and the court, over
the objection of the plaintiff, entered an order reciting that
the stenographer, at the time of the filing of the transcript

in the clerk's office, had failed to certify the same, and permitted him to do so, which he did in open court; and after this certificate of the stenographer had been appended to the evidence, on motion of the defendant, the court certified that the transcript, as certified by the stenographer, is a true and correct transcript of all the evidence taken and offered upon the trial, and that it is the transcript of the evidence directed to be inserted in defendant's bill of exception No. 1, and ordered the clerk, when directed by the defendant's attorneys, to make up a new transcript and copy of defendant's bill of exception, to be used upon the hearing of this case in this Court, and to insert in said bill of exception the transcript of evidence at the proper places, as indicated by the parenthetical clauses in the bill.    To the entering of this order the plaintiff objected, and filed, in support of the objection, the affidavits of Chas. E. Hogg and W. R. Gunn, for the purpose of showing that at the time of the signing of the bill of exception, on the 22nd day of October, 1902, the evidence had not been transcribed by the stenographer, and was not on file in the clerk's office, and, in support of the motion, the defendant filed the affidavit of James H. Martin.

By this supplemental record it must be determined as to whether or not a court or judge can enter an order amending or correcting a bill of exception, after the time given by the statute within which to sign and make bills of exceptions a part of the record. . The authorities upon this point are greatly in conflict.    Our statute provides that bills of exceptions must be taken during the term at which the final judgment is rendered, or within thirty days thereafter, and this Court has held, in *State* v. *McGlumphy,* 37 W. Va. 805, and *Jordan* v. *Jordan,* 48 W. Va. 600, where a bill of exception was taken after the expiration of thirty days, that it could not be treated as a part of the record; and while all courts have the inherent power to correct clerical errors and misprisions in their records, yet we cannot subcribe to the doctrine that after the right to take a bill of exception is barred by the statute, and after the parties, in the due course of the proceeding, have, both in law and in fact, been dismissed from the court, that a court or judge can enter any further order in the case, judicially acting upon the rights of the parties.

Some of the cases holding that amendments cannot be made after the expiration of the time given by statute for taking bills of exceptions are: *Walton* v. *U. S.*, 9 Wheat. 651; *Chapman* v. *Holding*, 54 Ala. 61; *Wallahan* v. *The People*, 40 Ill. 103; *Seig* v. *Long*, 72 Ind. 18; *Adkinson* v. *Stevens*, 30 Ky. 237; *Police Jury* v. *Gardiner*, 2 Rob. (La.) 139; *Bridges* v. *Kuykendall*, 58 Miss. 827; *Busby* v. *Finn*, *supra*; *Steele* v. *Davis*, 52 Tenn. 75; *Hall* v. *Simpson*, 63 Vt. 601. But there are many cases which hold that such amendments can be made, but, in those jurisdictions where it can be done, there must be some minute or memorandum or evidence upon which to predicate the amendment, and it is not allowed unless there is something in the record by which it can be made. *Wallahan* v. *The People*, 40 Ill. 104: "An amendment of a bill of exceptions, incorporating evidence alleged to have been omitted from the original bill of exceptions, should not be allowed at a term subsequent to that at which the trial was had, unless there is something in the record to amend by." In the case we have, there was nothing in the record by which an amendment could be made, if what was done by the parties can properly be termed an amendment. There was no note, memorandum or evidence introduced, but all that was done was the presentation by counsel for the defendant of the manuscript purporting to be the evidence taken down by the stenographer. This the court was asked to permit the stenographer to certify, and, when this was done, the court certified it as the evidence taken upon the trial, and, in the order, states that it was the evidence which he directed to be incorporated in the bill of exception. When the authorities speak of amending a bill of exception, they certainly mean that there should be a bill of exception to be amended. It cannot be said that where there has simply been a skeleton bill prepared, and then, nearly two years afterwards, the judge of the court, on motion of the exceptor, could undertake to certify the evidence and complete a bill of exception which, under the law, must be completed within thirty days after the adjournment of the court at which the final judgment was rendered. To permit this to be done is to permit the judge to certify the evidence which the law requires to be certified within thirty days after the adjournment of court. The evidence which appears in the original

record, as before referred to, contains no mark or memorandum by which it could be copied into the skeleton bill, and, therefore, was not, and could not be considered, a part there-. of. And, therefore, not being able to consider the evidence as part of the bill, then it necessarily results that no bill of exception was taken within the thirty days required by the statute. While it is true the skeleton bill was taken, yet, when the evidence therein referred to was not marked or described so as to make it a part of the bill, then the skeleton bill itself cannot be treated as a bill of exception, because it only contains the formal parts of a bill of exception. The fact that there was not on file in the office of the clerk such evidence as was called for by the instructions in the bill, necessarily forces us to the conclusion that the evidence in the case had not been transcribed and certified by the stenographer; at least, no such evidence as filled the requirements of the parenthetical instructions in the bill, and, therefore, it could not have been certified by the judge; and the only logical conclusion is, that at the time of the preparation and signing of the bill, the stenographer's notes had not been transcribed, and that the call in the bill for the insertion of the transcript of the evidence, as certified by the stenographer, meant when such evidence should be transcribed and certified by the stenographer. This cannot be done. The judge has a duty to perform in certifying the evidence, and, in order to perform this duty under the statute, he must have the transcript of evidence before him, and under his personal supervision and inspection. It will not do to prepare a skeleton bill, with parenthetical instruction to here insert the transcript of the evidence, *when transcribed and certified by the stenographer*, but the evidence must have been actually transcribed, and be before the judge for his personal supervision, in order to make such a certificate as is required by the statute.

Then, again, if the supplemental record should be treated as a part of the record of this case, it proves that at the time the bill of exception was prepared and signed, there was no transcript of evidence filed with the clerk, certified by the stenographer or by the court, because the transcript presented was without certificate, and, from the order itself, it shows that the stenographer was permitted to appear in open

court, and append his certificate thereto; and that, when this was done, the court certified it to be a true and correct transcript of the evidence taken upon the trial of the case, and also certified that it was the evidence directed to be incorporated in the bill of exception, which was prepared and signed in vacation.    For us to hold that at the time this supplemental record was made, the court could certify this evidence, and direct the clerk to incorporate it in the bill of exception would be tantamount to saying that the statute which requires the evidence to be certified within thirty days, has no force and effect, and would be thereby permitting bills of exceptions to be taken and made a part of the record, after the expiration of the limitation fixed by statute.    We do not think this can be done.

Having determined that the supplemental record is not a part of the record of this case, it is unnecessary to refer to the affidavits filed in opposition to the making thereof.    And the evidence, not having been made a part of the record, we cannot pass upon the other grounds assigned for reversal, but we must presume that the judgment of the circuit court is right, and it is, therefore, affirmed.

*Affirmed.*