# CHARLESTON

## Dudley v. Barrett, *et al.*

Submitted June 15, 1905.    Decided November 7, 1905.

1. WRIT OF ERROR—*Evidence Not Part of Record.*

   In reviewing a judgment in an action at law, upon a writ of error, where the evidence is not made a part of the record, this Court will not consider assignments of error involving a consideration of the evidence, but will affirm the judgment.  (p. 236).

2. EVIDENCE, TRANSCRIPT OF BY STENOGRAPHER NOT PART OF RECORD—*Bill of Exceptions.*

   Evidence taken down and transcribed by a shorthand reporter is not a part of the record, and can only be made so by a proper bill of exceptions.  *Tracy's Adm'x v. Coal Co.,* 57 W. Va. 587 (50 S. E. Rep. 825).  (p. 236).

3. BILL OF EXCEPTIONS—*Papers Accompanying.*

   Where a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number, or other means of identification mentioned in the bill, or so described in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions.  (p. 236).

Error to Circuit Court, Wood County.

Action by J. W. Dudley against J. R. Barrett and A. J. Hannaman.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

W. E. McDOUGLE, DODGE & VIA, and CHAS. D. FORRER, for plaintiffs in error.

F. P. MOATS and LEONARD & LEONARD, for defendant in error.

COX, JUDGE :

In this action of *assumpsit* by J. W. Dudley against J. R. Barrett and A. J. Hannaman, in the circuit court of Wood county, there was a trial by jury and a verdict for plaintiff for $664.52, a motion by defendants to set aside the verdict, which motion was overruled and defendants excepted, and judgment was entered for plaintiff, to which a writ of error was allowed defendants, by a judge of this Court.

Many exceptions were taken to the rulings of the court in the progress of the trial. All the errors assigned here involve a consideration of the evidence; and the evidence does not seem to be a part of the record. There is copied at length in the record what purports to be questions and answers of witnesses for plaintiff and defendants, respectively, upon the trial, to which is appended and copied what purports to be the certificate of John T. Harris, official stenographer of the circuit court of Wood county, to the effect that he made a report in shorthand writing of the testimony adduced and proceedings had at the trial of this action, and that the transcription thereof is a faithful and true translation of said report, etc. The record does not show that John T. Harris was appointed by the court to report the proceedings had and the testimony given in this case, under the statute; or that he qualified as official stenographer in this case. The whole evidence is not incorporated in any bill of exceptions. The only bill of exceptions which might be claimed to make all the evidence part of it is defendants' bill No. 4, the part of which, material to be considered here, is in the following language : "Be it remembered that upon the trial of this case, and after the plaintiff had closed his evidence, as shown by the certificate of evidence, the defendants by their attorneys, moved to exclude all the evidence introduced by the plaintiff, from the jury, which said evidence is here now referred to and made a part of this defendants' bills of exceptions, which said motion, being argued by counsel and considered by the court, was overruled." What certificate of evidence is there referred to? Can it be said that it is a certificate made by John T. Harris, rather than the certificate of any other person, when the record is silent as to the appointment or qualification of any stenographer to report this case? Where a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number or other means of identification mentioned in the bill, or so described in the bill as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions. *Tracy's Adm'x* v. *Carver Coal Co.*, 57 W. Va. 587, (50 S. E. Rep. 825); *McKendree* v. *Shelton*, 51 W. Va. 516. There is nothing in the record to show that the certificate of evidence made by

John T. Harris was annexed to this bill of exceptions, or that the certificate was so marked by letter, number, or other means of identification mentioned in the bill, as to identify such certificate of evidence as the one intended to be made a part of the bill. The cases cited clearly announce the doctrine applicable to the case under consideration, and we can not treat the evidence as part of the record in this case.

Again, if the certificate of evidence made by John T. Harris could be considered as part of the record, it still does not appear that such certificate of evidence contains all the evidence adduced upon the trial, and, therefore, we must presume that there was evidence which fully sustained the verdict. *State* v. *Ice*, 34 W. Va. 244; *Bank* v. *Bank*, 3 W. Va. 386; *Edgell* v. *Conway*, 24 W. Va. 747; *Hunter* v. *Stewart*, 23 W. Va. 549; *Smith* v. *Walker*, 1 Call (Va.) 24; *Willard* v. *Overseers*, 9 Grat. (Va.) 139.

The evidence adduced on the trial of this action not being a part of the record, we cannot consider the assignments of error made, but must affirm the judgment. *Tracy's Adm'x* v. *Carver Coal Co.*, *supra; McKendree* v. *Shelton*, *supra; Cushwa* v. *Lamar*, 45 W. Va. 326; *Wustland* v. *Potterfield*, 9 W. Va. 438; *Laidley* v. *County Court*, 44 W. Va. 566; *Williamson* v. *Hays*, 35 W. Va. 52; *Richmond* v. *Henderson*, 48 W. Va. 389.

*Affirmed.*