# CHARLESTON

## Parr v. Currence.

Submitted September 15, 1905.   Decided December 12, 1905.

1. Writ of Error---*Review---Record---Evidence; Syllabus approved.*
   Syl. in *Dudley* v. *Barrett*, 58 W. Va. 235; and Points 1, 2 and 3;
   Syl. *Tracy* v. *Coal Co.*, 50 S. E. (W. Va.) 825; and Point 1, Syl.
   *McKendree* v. *Shelton*, 51 W. Va. 516, (41 S. E. 909), approved.   (p.
   526.)

Error to Circuit Court, Randolph County.

Action by Genevive B. Parr against Jonathan Currence
and William Currence.   Judgment for plaintiff and defend-
ants bring error.

*Affirmed.*

W. B. Maxwell, C. H. Scott, and Harding & Harding,
for plaintiff in error.

J. F. Strader and C. W. Dailey, for defendants in error.

McWhorter, Judge :

Genevive B. Parr brought her action of ejectment in the
circuit court of Randolph county against Jonathan Currence
and William Currence for a tract of 790 acres of land.   The
case was tried and the verdict of the jury and judgment were
in favor of the defendants.   Plaintiff brought it here upon
writ of error and the judgment was reversed and a new trial
awarded.   The case is reported in 53 W. Va. 524.

A jury was empanelled for another trial on the 13th day
of May, 1904, and returned a verdict in favor of the plaintiff
for an undivided five-sixths interest in fee simple to the land
in controversy; the defendants moved to set aside the verdict
of the jury and grant them a new trial, which motion was
overruled and judgment entered upon said verdict.   In the
course of the trial the defendants took bills of exceptions
numbered 1 to 6 inclusive, the 6th purporting to include a
certificate of all the evidence given in the case by both par-
ties.

Bills of Exceptions Nos. 1, 3, 4, and 5 go to the ruling of the
court in refusing to allow certain questions to be answered
by witness, Peter Scott, introduced on behalf of the defend-
ants, which it is contended by defendants should have been

admitted. Bill of exceptions No. 2 is to the ruling of the court in admitting certain documentary evidence on behalf of the plaintiff over the objections of the defendants, which they insist should not have been admitted in evidence.

The original bill of exceptions No. 6 which was brought up on writ of *certiorari*, together with the certificate of the clerk of the circuit court making return thereof, is as follows:

"Genevive Parr, Plff. Below, Deft. in error.

vs. ) In Ejectment.·

Jonathan and William Currence, Defts. Below, Plffs. in error.

In the Supreme Court of Appeals of West Virginia.

I, G. Nelson Wilson, Clerk of the Circuit Court of Randolph County, and who made up the record in the above entitled action, do certify that 'Defendants' Bill of Exceptions No. 6,' which begins on page 17 of the Second Printed Record in the case came to me in skeleton form, exactly as follows :

'DEFENDANTS' BILL OF EXCEPTIONS NO. 6.

Genevive Parr, Plaintiff,

vs. ) In Ejectment.

Jonathan and William Currence.

Be it remembered that upon the trial of the above entitled cause the plaintiff and defendants to maintain the issue involved upon said trial introduced the following evidence:

(Clerk here insert all the evidence introduced by both the plaintiff and the defendants as shown by the certificate thereof made by the official court stenographer.)

And the Court certifies under the hand and seal of the Judge thereof that the foregoing evidence is all of the evidence that was introduced upon the trial of said action and this certificate of the evidence, for the purpose of identification, is marked defendants bill of exceptions No. 6.

Jno. Homer Holt.   (Seal).

Judge of Third Judicial Circuit.'

Along with said Bill of Exceptions there came to me the vacation order in the case, which is found on page 11, of the second Printed Record.   When I came to make up the transcript upon the order of the defendants, preparatory to their applying to the Supreme Court of Appeals of West Virginia,

for a writ of error, I inserted as part of said bill of exceptions, the statement of evidence found in said Second Printed Record beginning on page 17 and ending with the form of stenographer's certificate on page 48. This statement was contained in a typewritten paper filed in my office on June 10, 1904.

Parr,

vs.  ) In Ejectment.

Currence.

### EVIDENCE.

No name was signed to the form of stenographers certificate, ending on page 48, and there was no certificate of said paper made by the Judge of said Court, and no mark of identification of any kind made by him.

Given under my hand this 12th day of September, 1905.

G. Nelson Wilson.

Clerk Circuit Court of Randolph County."

There is copied into the record what purports to be the evidence given before the jury in the trial of the case at the end of which is found the following certificate in blank :

"I, Howard H. Holt, the official stenographer of this court, do hereby certify that the foregoing is a true and correct transcript of the shorthand notes taken by me of the testimony in this' case.

_____

Stenographer."

There is nothing to identify this matter inserted as the evidence given in the case as being such evidence. The bill of exceptions No. 6 directs the clerk to "insert all the evidence introduced by both the plaintiff and the defendants as shown by the certificate thereof made by the official court stenographer." It nowhere appears in the record that the court had an official stenographer, or a stenographer appointed to take the evidence in this case, the only reference in the whole record to such official is the direction of the Judge to the clerk to insert the evidence in the bill of exceptions and that contained in the statement at the close of what is inserted in the record as the evidence in the case, but that statement is signed by no one and it does not appear from anything in the record that the said paper purporting to be such evidence

was before the judge at the time he signed the said bill of exceptions, nor is it in any manner described or identified by mark, letter, number or any other means of identification; nor was it annexed or attached to said bill of exceptions. It is insisted by counsel for plaintiffs in error that without bill of exceptions No. 6 it is clear from the nature of the questions asked of witness Scott, and the information expected to be elicited from the witness in reply thereto, that the court erred in refusing to permit the questions to be answered. Without the evidence before this Court we are unable to see that the admission of the evidence excluded could have changed the result or produced a different verdict. "In reviewing a judgment in an action at law, upon a writ of error, when the evidence is not made a part of the record, this Court will not consider assignments of error involving a consideration of the evidence, but will affirm the judgment." *Dudley* v. *Barrett* decided at this term. In that case there was copied at length into the record what purported to be the testimony of witnesses in the case for the respective parties upon the trial, to which was appended what purported to be the certificate of John T. Harris official stenographer of the court to the effect that he made a report in shorthand writing of the testimony adduced and proceedings had at the trial of the action and that the transcription thereof was a faithful and true translation of said report, but the record failing to show that Harris was appointed by the court stenographer to report the proceedings had and the testimony given in the case under the statute the paper thus copied into the record had no greater value than a fugitive paper made by any other person which might have been found amongst the papers in the case. In case at bar the paper copied by the clerk as the evidence was not certified by any one. See *Tracy* v. *Coal Co.*, 50 S. E. (W. Va.) 825; *McKendree* v. *Shelton*, 51 W. Va. 516, (41 S. E. 909); *Williamson* v. *Hays*, 35 W. Va. 52.

For the reasons stated the judgment of the circuit court of Randolph county is affirmed.

*Affirmed.*