# CHARLESTON

COAL AND COKE RAILWAY COMPANY *v.* JOYCE *et al.*

Submitted September 15, 1905.    Decided December 15, 1905.

1. BILL OF EXCEPTIONS—*Evidence Not Part of Record.*

The skeleton bill of exceptions relied on in this case for the purpose of making the evidence a part of it, does not do so, and the evidence is not a part of the record, under the authority of the cases of *Parr* v. *Currence*, 58 W. Va. 523, *Dudley* v. *Barrett et al*, 58 W. Va. 235, *Tracy's Admrx.* v. *Coal Co.*, 50 S. E. Rep. 825, and *Me-Kendree* v. *Shelton*, 51 W. Va. 516. (p. 545).

Error to Circuit Court, Randolph County.

Action by the Coal and Coke Railway Company against

Thomas W. Joyce and others to condemn land for railroad purposes. From an order setting aside a verdict of the jury and grating a new trial, Thomas W. Joyce and others bring error.

*Affirmed.*

W. B. MAXWELL, for plaintiffs in error.

C. W. DAILEY and E.. D. TALBOTT, for defendant in error.

COX, JUDGE :

Thomas W. Joyce, Margaret Caveney and Ann Joyce complain of an order of the circuit court of Randolph county, made in a proceeding to condemn land for railroad purposes, in which they are defendants, sustaining the motion of the applicant, Coal and Coke Railway Company, to set aside the verdict of the jury therein and granting it a new trial.

The question whether or not there is error in this order involves a consideration of the evidence.

This record presents another instance of a fatal skeleton bill of exceptions whereby the evidence·is not made a part of it, and, therefore, not a part of the record. The original bill of exceptions, which is claimed to make the evidence a part of it, was brought here by *certiorari.* It is a skeleton bill. The parenthetical direction to the clerk therein contained is as follows: "(Here insert the evidence as certified by the official stenographer, which evidence is now here referred to and directed to be here inserted.)" It does not appear that the evidence was annexed to the bill or so marked by letter, number, or other means of identification mentioned in the bill, or so described in the bill as to leave no doubt, when found in the record, that it is the evidence referred to in the bill. The bill of exceptions is therefore insufficient to make the evidence a part of it, or of the record. The statement copied in the record, purporting to be questions and answers of witnesses on the trial, has appended to it the following certificate: "Grafton, W. Va. Jan. 29, 1904. I, W. H. Pilson, former stenographer of the 3rd Judicial Circuit hereby certify that the foregoing evidence is a true copy of my shorthand notes taken at the trial of the above styled cause. Given under my hand this the 29th day of January, 1904. W. H. Pilson." The record discloses no appointment of an official stenographer, and if it did, we do not think that

the statement copied in the record, purporting to be the questions and answers of witnesses on the trial, is sufficiently identified by the bill of exceptions as the evidence directed to be therein inserted. This case is governed by the cases of *Parr* v. *Currence*, 58 W. Va. 523, *Dudley* v. *Barrett*, 58 W. Va. 235, *Tracy's Admrx.* v. *Coal Co.*, 50 S. E. Rep. 825, and *McKendree* v. *Shelton*, 51 W. Va. 516.

This Court can examine no other question presented, but must affirm the order complained of and remand the case.

*Affirmed.*