# CHARLESTON

Schwarzchild & Sulzberger Co. v. Chesapeake & Ohio
Railway Co.

Submitted February 15, 1906.    Decided April 17, 1906.

1. Writ of Error—*Record—Bill of Exceptions.*
    When upon the hearing of a case in the appellate court one of the parties tenders and asks to file in the case as a part of the record thereof a paper purporting to be the original bill of exceptions taken in the case on the trial, and it is admitted in open court by the opposing party that it is the paper it purports to be, the court will consider it as a part of the record, in the same manner as if brought up on certiorari. (p. 650.)

2. Same—*Dismissal.*
    Upon a motion in the appellate court to dismiss a writ of error as improvidently awarded upon the ground that "there is, and was, no legal bill of exceptions signed and sealed by the trial judge in said cause," the writ of error will not be dismissed for such reason, where the bill of exceptions as it appears in the record as certified is sufficient on its face. (p. 650.)

3. Exceptions—Bill of—*Incorporating Evidence—Skeleton Bill.*
    A case in which the bill of exceptions as signed by the judge did not make the evidence taken at the trial a part of the record. (p. 652.)

Error to Circuit Court, Greenbrier County.

Action by the Schwarzchild & Sulzberger Company against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, defendant brings error.

*Affirmed.*

Simms & Enslow, for plaintiff in error.
Henry Gilmer and T. N. Read, for defendant in error.

McWhorter, President:

Schwarzchild & Sulzberger Company, a corporation, brought its action in the circuit court of Greenbrier county in trespass on the case against the Chesapeake and Ohio Railway Company for damages sustained by the plaintiff because of the failure of the defendant to promptly furnish cars and transport certain cattle shipped by plaintiff from Fort Springs, West Virginia, to Jersey City, New Jersey, in September and October, 1903. The defendant appeared and demurred to the

declrration and each count, which demurrer was overruled; defendant then entered a plea of not guilty; the issue was tried before a jury which returned a verdict in favor of the plaintiff and assessed its damages at $1840.

The defendant moved to set aside the verdict of the jury and grant a new trial because the verdict was contrary to the law and the evidence in the case, which motion was overruled, to which ruling of the court defendant excepted. The court rendered judgment for said damages so assessed and the costs of the suit. The defendant tendered its bill of exceptions which was signed, sealed and made a part of the record. The defendant procurred from this Court a writ of error and *supersedeas* to said judgment. The plaintiff gave notice to the defendant that it would move this Court to dismiss the writ of error and *supersedeas* as improvidently awarded "because there is, and was, no legal Bill of Exceptions signed and sealed by the trial judge in said cause." When the case was called for hearing the defendant in error moved to dismiss the writ of error upon the notice given, and the plaintiff in error moved to quash the notice and writ and moved to dismiss said motion. The defendant in error then tendered and asked to file as part of the record in the case the original bill of exceptions. The plaintiff in error admitted in open Court that the paper presented was the original bill of exceptions taken by it in the court below, but objected to the filing of it, when the case was fully heard upon said motion and upon the transcript of the record of the judgment and submitted.

The record does not disclose any reason given in support of the demurrer to the declaration, neither is it contended for in the brief of counsel for the plaintiff in error, and an examination of the declaration does not disclose any serious defects in it. The demurrer was properly overruled.

The assignments of error as set out in the petition for writ of error which relate to the giving of instructions for plaintiff and complained of, which instructions were based upon the evidence given in the case; and another assignment where it is contended that the court erred in refusing to set aside the verdict and grant the defendant a new trial because the evidence clearly showed that the verdict was wrong. The bill of exceptions as it appears in the record is sufficient to

bring up all the questions upon the exceptions made by the defendant below, and therefore the appeal cannot be dismissed as improvidently awarded.    The original bill of exceptions, as it was signed by the judge of the court below and which was admitted in open court to be the original bill, is as follows:

"Schwarzchild & Sulzberger Co.

vs.) T O C.

The Chesapeake and Ohio Railway Company

a Corporation.

Be it remembered that on the trial of this case after F. M. Arbuckle had been duly sworn to report the testimony in shorthand to be taken herein, the plaintiff to maintain the issue on its part joined introduced before the jury the following evidence:

(Here insert stenographer's report)

and rested.

And the defendant to maintain the issue on its part joined, introduced before the jury the following evidence:

(Here insert stenographer's report)

and rested.

And thereupon the plaintiff in rebuttal introduced the following evidence:

(Here insert stenographer's report)

and rested.    And the above was all the evidence introduced before the jury on behalf of the plaintiff and of the defendant.

And thereupon the plaintiff asked the Court to give to the jury Instructions marked Numbers 1, 2, 3, 4, and 5 to the giving of which and each of them the defendant objected, which objection the Court overruled and gave to the jury instructions Marked Plaintiff's instructions Numbers 1, 2, 3, 4, and 5 asked for by the plaintiff, to which ruling of the Court in giving said instructions and each of them the defendant excepted.

And thereupon the defendant asked the Court to give to the Jury its instructions marked Defendant's instructions Numbers 1, 2, and 3, which the Court gave and after argument of counsel the jury retired to its room to consider its verdict and after while came into court with a verdict in the words and figures following; towit:

(Here insert verdict of the jury)

The defendant moved the Court to set the said verdict aside, because the said verdict is contrary to the law and the evidence:

The Court overruled the defendant's motion to set the verdict of the jury aside, to which ruling of the Court, the defendant again excepted and asked the Court that this its bill of exceptions to the various rulings of the Court and each one thereof as set out above, be saved to it and this its bill of exceptions be signed, sealed and made a part of the record which is accordingly done.

J. M. McWhorter    (Seal)."

There is nothing shown from this skeleton bill of exceptions that at the time it was signed by the judge he had before him the evidence as taken by the stenographer. It also appears that the evidence taken in the case was not incorporated into the body of the bill nor annexed to it or so marked by letter, number or other means of identification, or so described in the bill as to leave no doubt when found in the record that it was the evidence taken in the case, and it does not appear from the record as it is printed that the evidence was certified by the stenographer. It has been held in several cases by this Court in the last few months that such skeleton bill of exceptions as that herein set forth is insufficient to bring up the evidence.

While the said bill of exceptions was sufficient as far as the instructions were concerned having designated them in the bill as marked by numbers, but as it is impossible to pass upon the correctness of the instructions asked for without having the evidence in review and the evidence not being before the Court the appellate court will not presume that the circuit court erred in giving such instructions. In *Tracey* v. *Carver*, (80 S. E. 825), 57 W. Va. 587 (Syl. pt. 3), it is held: "Evidence taken down and transcribed by a shorthand reporter is not a part of the record, and can only be made so by a proper bill of exceptions." And in *Dudley* v. *Barrett*, recently decided by this Court, but not yet reported, (Syl. pt. 3), it is held: "Where a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number or other means of identification mentioned in the

bill, or so described in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions." And also in a recent case here decided of *Coal & Coke Railway Company* v. *Joyce*, the syllabus is entirely applicable to this case, where it is said: "The skeleton bill of exceptions relied on in this case for the purpose of making the evidence a part of it, does not do so, and the evidence is not a part of the record, under the authority of the cases of *Parr* v. *Currence*, 58 W. Va. 523, *Dudley* v. *Barret, et al.*, 58 W. Va. 235, *Tracey's Admrx.* v. *Coal Co.*, 57 W. Va. 587, and *McKendree* v. *Shelton*, 51 W. Va. 516.

For the reasons herein given the judgment complained of is affirmed.

*Affirmed.*