# CHARLESTON

## STATE *v.* BANKS.

Submitted June 9, 1906.    Decided November 27, 1906.

1.    CRIMINAL LAW—*Bills of Exceptions—Sufficiency.*
       A case in which the bills of exceptions are insufficient, neither the evidence taken in the case nor the instructions in question being made a part of the record.  (p. 9.)

Error to Circuit Court, Lincoln County.

Levi Banks was convicted of unlawful shooting and brings error.

*Affirmed.*

MARCUM & MARCUM, for plaintiff in error.
C. W. MAY, Attorney General, for the State.

McWhorter, President:

This is a prosecution against Levi Banks upon an indictment found in the circuit court of Logan county at the July term. 1903, for unlawfully, maliciously and feloniously shooting one Jonah Ferguson. The case was tried at the November term of Logan court, 1903, when the jury returned a verdict of not guilty of malicious shooting and wounding, but guilty of unlawful shooting, and Banks was sentenced to the penitentiary for three years. The case was brought here on writ of error and the judgment reversed and the case remanded for a new trial.—See 55 W. Va. 388.

At the May term, 1905, of the circuit court of Logan county when the case was again called for trial, defendant moved for a continuance and presented his petition praying for a change of venue and the court entered an order removing said cause to Lincoln county circuit court for trial. On motion of the prosecuting attorney of Lincoln county the case was docketed on the 6th day of June, 1905, in the circuit court of Lincoln county; and on motion of the defendant the case was continued until the seventh day of the next regular term. On the 11th day of September, 1905, when the case was called the defendant moved the court for a continuance until the next term and filed his affidavit in support of his motion and the cause was again continued, and at the December term when the case was called, the defendant, by his counsel, suggested a diminution of the record of the proceedings of the the cause in the circuit court of Logan county and suggesting that the record as certified by the clerk of the circuit court of Logan county was not complete and that all orders, proceedings and recognizances therein had not been copied and certified to the clerk of the Lincoln county circuit court as required by law, and moved the court for a ruling against the clerk of Logan circuit court requiring him to certify to the clerk of the circuit court of Lincoln county a complete record of the proceedings, which motion was overruled and the defendant by counsel moved the court to strike the case from the trial docket for want of a complete record as stated, which motion was also overruled. The defendant then moved for a continuance on the ground of the absence of Loudon White, a material and necessary witness for the defendant, and introduced evidence to show his materiality, which mo-

tion for continuance was overruled. Under the direction of the court a jury was empanelled and sworn in the case and after hearing the evidence returned a verdict against the said Banks of guilty of unlawful shooting and wounding as charged in the indictment. Defendant moved the court to set aside the verdict and grant a new trial because the same was contrary to the law and the evidence and because the jury had been improperly empanelled and sworn over the objection of the defendant, which motion was overruled and judgment entered against the defendant, fixing his term of imprisonment at one year. The defendant relies for his defense here upon the fact that the record as certified to the clerk of the circuit court of Lincoln county from the clerk of the circuit court of Logan county failed to show any order of the circuit court of Logan county transferring the case to Lincoln county.

A writ of *certiorari* was awarded the State in this Court to the clerk of the circuit court of Logan county and in return to such writ the said clerk of Logan county circuit court certified to this Court the order of the 3rd of May, 1905, transferring the case on the motion of the defendant from said Logan circuit court to Lincoln circuit court for trial. This return of the writ shows the existence of the order of removal of the case and completes the record. The case having been docketed without objection in Lincoln circuit court and continued therein for two terms on the motion of the defendant and it now appearing that the order of removal had been duly entered in the circuit court of Logan county, the judgment cannot be reversed because of the incompleteness of the record as it appeared at the time of the trial in Lincoln circuit court. In *Shifflet* v. *Commonwealth*, 14 Grat. 652, (Syl. pt. 5), it is held: "Where, upon the motion of the prisoner, the venue is changed, and the record sent by the clerk of the court from whence the trial is removed, to the court to which it is sent, does not show that the indictment was found by the grand jury; but the prisoner is tried and convicted; upon a writ of error to the court of appeals, that court may direct a *certiorari* to the court from whence the case was sent, for a better record; and if it appears from the record returned, that the indictment was found by the grand jury, the judgment will not be reversed."

The further assignments of error relied upon by the defendant are to the action of the court in overruling the defendant's motion for a continuance, upon which it is alleged that evidence was taken; and in giving to the jury certain instructions on behalf of the State over the objection of the defendant; and in refusing to give instruction No. 5, asked for by the defendant; and in refusing to set aside the verdict of the jury and grant him a new trial on the grounds that the verdict was contrary to the law and without evidence to support it. The evidence in the case, either in support of defendant's motion for continuance or that given upon the trial is not made a part of the record by sufficient bills of exceptions and cannot be looked to in the case, neither are the instructions so given and refused made a part of the record by proper bills of exceptions, and without the evidence the judgment will be presumed to be right. The fact the evidence and instructions are not made a part of the record by the bills of exceptions, and the insufficiency of the bills, is clearly within the rulings of the court in the various cases recently decided by this Court.—See *Tracey* v. *Carver*, 57 W. Va. 587, (50 S. E. 825); *Railway Company* v. *Joyce*, 58 W. Va. 544, (52 S. E. 498); *Parr* v. *Currence*, 58 W. Va. 523, (52 S. E. 496); *Dunley* v. *Barrett*, 58 W. Va. 235, (52 S. E. 100); *Schwarzchild & Sulzberger Co.* v. *Railway Company*, 59 W. Va. 649, (53. S. E. 785). The judgment will have to be affirmed.

*Affirmed.*