# CHARLESTON.

LACO QUEEN v. A. A. WESTFALL et al.

Submitted April 13, 1920.   Decided April 27, 1920.

APPEAL AND ERROR—*Denial of Continuance not Reviewed Where Bill of Exceptions Does not Recite that All Evidence is Included.*

A judgment overruling a motion to continue a case will not be reversed or reviewed here where the bill of exceptions or order of the court does not show that the affidavit in support of the motion was all the evidence introduced and considered by the court on such motion.

Error to Circuit Court, Upshur County.

Action by Laco Queen against A. A. Westfall and others. From a judgment of a justice, there was an appeal to the circuit court, defendants' motion for a continuance was overruled, and there was a verdict and judgment for plaintiff, and defendants. bring error.

*Affirmed.*

J. M. N. *Downes,* for plaintiffs in error.
Young & McWhorter, for defendant in error.

MILLER, JUDGE:

The sole question presented by the record is whether the circuit court erred in overruling defendant's motion for a continuance.

The case was pending in the circuit court upon an appeal from the judgment of a justice, and when the motion for a continuance was interposed, it had been pending from about August 1917 to November 1918. The order of the court, entered on November 16, 1918, recites that upon the calling of the case for

trial "defendants by their attorneys moved for a continuance and filed the affidavit of A. A. Westfall, marked A. A. W., claiming that one of his material witnesses was sick and unable to attend court; the said C. C. Higginbotham stated as further ground for a continuance that J. M. N. Downes, one of the attorneys for defendants, and who was to prepare the specifications of payments and sets-off, was sick and unable to attend court, which motion," the order further recites, "being resisted by the plaintiff, and considered by the court, was overruled, to which ruling the defendants excepted," and that "thereupon the said C. C. Higginbotham retired, and the trial was proceeded with," resulting in a verdict of the jury in favor of plaintiff for $179.75.

The affidavit of said Westfall so identified by the order, was to the effect that he was a material witness on the trial of said appeal, on all points that might be raised therein, that he was recovering from an attack of influenza, which had left him weak and unable to attend court on the day the case was set for trial; that Isaac Smith and Mrs. Emma Crislip, two of his witnesses would fix the annual rental value of the dower land; and that he could not safely go to trial in the absence of himself and of said witnesses.

Generally speaking such affidavit for a continuance should be made a part of the record by a formal bill of exceptions. *Garland* v. *Bugg,* 1 H. & M. 374; *Fox* v. *Govan,* 4 H. & M. 156, 157. But when not so brought in, the order which purports to make the affidavit a part of the record should show that it was all of the evidence heard and considered on the motion. Such is the requirement where a bill of exceptions relates to the evidence on the trial of an action, and the order on a motion for a continuance, if treated as a bill of exceptions, should conform to this requirement. Our cases holding that a bill of exceptions certifying the evidence must show that it contains all the evidence, are many. Among them are, *Bank* v. *Berkeley,* 3 W. Va. 386; *Shrewsbury* v. *Miller,* 10 W. Va. 115; *Hunter* v. *Stewart,* 23 W. Va. 549; *Edgell* v. *Conaway,* 24 W. Va. 747; *State* v. *Ice,* 34 W. Va. 244; *Williamson* v. *Hays,* 35 W. Va. 52.

By certiorari plaintiff has brought up the record of a supplementary proceeding in the court below, whereby the court under-

took, pending the writ of error in this court, to correct the judgment of November 16, 1918, by showing that much other evidence was offered and considered on said motion, which was by oversight or misprison of the clerk not referred to in the judgment order. If the supplemental record could be considered, it would show, as claimed by plaintiff, that much evidence contradictory of defendant's affidavit was heard and considered. But as the judgment does not itself show that the defendant's affidavit was the only evidence considered on the motion, we can not say the court erred, and for this reason the judgment must be affirmed.

*Affirmed.*