# CHARLESTON

## WOODS *v*. KING *et al.*

Submitted September 15, 1905.    Decided April 17, 1906.

1. ERROR—*Bill of Exceptions—Evidence—Record.*

   A bill of exceptions, relied on to make the evidence a part of the record in an action at law, must incorporate, or have annexed to it, the evidence, or contain a sufficient description or other means of identification of such evidence. Otherwise the bill is insufficient to make the evidence a part of it or of the record. (p. 418.)

   (BRANNON, JUDGE, absent).

Error to Circuit Court, Randolph County.

Action by Samuel Woods against Susan G. Elder and others. Judgment for plaintiff. Defendants bring error.

*Affirmed.*

J. F. STRADER, MARBURY & GOSNELL, and W. E. CHILTON, for plaintiff in error.

C. W. DAILEY and W. B. MAXWELL, for defendants in error.

COX, JUDGE:

Susan G. Elder, Sophy Stonnard and William Voss complain of a judgment rendered against them by the circuit court of Randolph county in an action of ejectment instituted by Samuel Woods.

All the assignments of error involve a consideration of the evidence introduced upon the trial in the court below. The bill of exceptions relied on to make the evidence a part of the record is a skeleton bill, designated as No. 1. The original bill was brought here by writ of *certiorari*. The parenthetical direction to the clerk therein contained is as follows: "(Here insert all the oral and written testimony introduced.)" The evidence directed to be inserted was not incorporated in or annexed to the bill. The bill furnishes no description of, or means of identifying, the evidence directed to be therein inserted, other than the parenthetical direction above quoted and the parenthetical direction furnishes no means of identifying the evidence. The bill is therefore insufficient to make the evidence a part of it, or a part of the

record. For this reason we can not pass upon the assignments of error involving a consideration of the evidence, but must affirm the judgment. The principles upon which this decision rests have been so often stated that it is unnecessary to repeat them. See *McKendree* v. *Shelton*, 51 W. Va. 516; *Tracy's adm'x* v. *Carver Coal Co.*, 57 W. Va. 587; *Dudley* v. *Barrett*, 58 W. Va. 235, (52 S. E. 100); *Railway Co.* v. *Joyce*, 58 W. Va. 544, (52 S. E. ——); *Parr* v. *Currence*, 58 W. Va. 523, (52 S. E. 496).

After the writ of error was allowed in this action, certain affidavits and a certificate of the clerk of the lower court, relating to the time of transcribing the evidence and to the usual practice in that court as to skeleton bills of exceptions and other matters were filed in the lower court and brought here with the return to the writ of *certiorari*. These do not aid us upon the question presented. The record imports verity and must stand or fall without the assistance of the affidavits and certificate. *Sweeney* v. *Baker*, 13 W. Va. 202; *Koontz* v. *Koontz*, 47 W. Va. 31; *Bowyer* v. *Chestnut*, 4 Leigh (Va.) 1. If the affidavits and certificate could be considered they contain no sufficient matter to change this decision.

We affirm the judgment.

*Affirmed.*